GEORGE EMERSON, Admr., Appellant, v. JAMES BARRON, Respondent.

No. 4299; July 19, 1875.

New Trial—Payment of Costs.—When an Order is Made Granting a new trial on condition that the moving party pay the costs accrued, payment, or tender of payment, of the costs becomes a condition precedent.

New Trial—Payment of Costs.—A Condition Imposed by the Court in granting a new trial, that the moving party pay the costs, becomes an integral part of the order and binding on the parties, and the court has no power to dispense with the condition, since that would be substantially to dispose of the motion anew.

APPEAL from Third Judicial District, Alameda County.

A. M. Crane for appellant; J. W. Harding for respondent.

WALLACE, C. J.—In October, 1873, an order was entered in the court below granting the defendant a new trial, upon condition that he pay to the plaintiff all the costs which had theretofore accrued in the action. In February, 1874, the remittitur from this court, affirming the order, was filed in the court below, and no part of the costs having been paid or tendered, the plaintiff's attorney, on the twenty-fourth day of February, 1874, served a written notice upon the attorney of the defendant, to the effect that he would on the second day of March next thereafter apply to the court below for an order declaring the order granting a new trial inoperative, by reason of the failure of the defendant to comply with the condition therein mentioned, and that execution issue upon the judgment theretofore rendered in the cause. To this notice the defendant's attorney does not appear to have made any response, and pursuant to the notice the application was made to the court—no opposition being then made—and the motion was taken under advisement by the court, and the cause continued for the term. Subsequently, on the next day but one thereafter, the court being still in session, and the attorney for the plaintiff being present in court, the attorney for the defendant moved the court to set aside the order continuing the cause, and restore it to the term calendar, and it appearing that the continuance had been granted by reason of the absence of a witness for the plaintiff, and the defendant then proposing to consent that the evidence of the absent witness should be considered as given at the trial, the court set aside the continuance and reinstated the cause upon the calendar; but the attorney of the plaintiff declined to avail himself of the proffered consent, or to state what he expected to prove by the absent witness. It then being made to appear to the court that the defendant's attorney had only subsequently to the submission of the plaintiff's motion to disregard the order granting a new trial, to wit, on the third day of March, tendered to the plaintiff's attorney the costs required to be paid as the condition of obtaining a new trial (which costs the latter had refused to accept), the court denied the motion of plaintiff to disregard the order granting

the defendant a new trial, and subsequently rendered a judgment dismissing the action.

1. There can be no doubt that the order granting the defendant a new trial was not absolute in its terms, but was conditional only. It was so expressed upon the face of the order "conditioned upon said defendant paying to plaintiff the costs," etc. In such case the payment or tender of the costs is a condition precedent, and upon failure of the party in whose favor the order was made to perform it, or offer to do so, the order becomes inoperative: Sturdevant v. Fairman, 4 Sand. (N. Y.) 674.

2. The time within which the payment was to be made not having been fixed in the order itself, a question was argued at bar as to the proper construction of the order in that respect. There is no doubt that in such a case the required payment is to be made within a reasonable time after the entry of the order. This "reasonable time" is said in some of the authorities to be "forthwith"—that is, within twenty-four hours. It is not necessary in the view we entertain of this case, to express an opinion upon that point, for it is apparent that the offer of the defendant was not made within a reasonable time under any rule. More than four months had been permitted to elapse without an offer upon the part of the defendant to comply with the prescribed condition, and even upon notice given him that an application would be thereafter made to set aside the order by reason of his failure, he did not offer to comply, but permitted the application to the court to be made in that behalf, without opposition or excuse offered upon his part. No reason or excuse was offered below for his protracted neglect in this respect, nor has any been suggested here. The condition imposed by the court in granting the new trial became an integral part of the order and binding upon the parties, and the court below had no power in this proceeding to dispense with the performance of the condition, since that would substantially be to dispose of the motion anew.

Judgment reversed and cause remanded with directions to sustain the motion of the plaintiff for execution on the former judgment.

We concur: Rhodes, J.; Niles, J.

I dissent: Crockett, J.